# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA SOUTHERN DIVISION

| | |
|---|---|
| MARALL PETROSIAN,<br><br>                Plaintiff,<br><br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC. and HONDA MOTOR CO., LTD.,<br><br>                Defendants. | CASE NO. SACV08-00664 CJC (MLGx)<br><br>Assigned:  Hon. Cormac J. Carney<br>Magistrate: Hon. Marc Goldman<br><br>Courtroom: 6A<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>Date:                 April 7, 2009<br>Time:               10:00 a.m.<br>Judicial Officer:  Marc Goldman<br><br>Action Filed:       June 13, 2008<br>Trial Date:         July 21, 2009<br>Motion Cutoff:    June 12, 2009<br>Discovery Cutoff: April 10, 2009 |

## PROTECTIVE ORDER

On American Honda Motor Co., Inc.'s Motion for a Protective Order, the Court hereby finds good cause exists for the issuance of a Protective Order, and **ORDERS**:

     1.    Defendant American Honda Motor Co., Inc. will produce to Plaintiff's counsel American Honda Motor Co., Inc.'s warranty history, warranty registration, customer relations documents, Tech Line reports, and other documents containing proprietary information. These

documents, and any information contained therein, shall herein after be jointly referred to as "Confidential Information."

2. The Confidential Information includes trade secrets, confidential business and commercial information, and other highly confidential proprietary information of American Honda Motor Co., Inc., which would cause irreparable injury if it were disclosed to a competitor.

3. The aforementioned Confidential Information may be used by any party for any appropriate purpose at trial, in deposition, or at any hearing, subject to routine evidentiary objections as to relevancy, materiality, and/or foundation, if any; and for any legitimate purpose during discovery, subject to the following limitations:

    A. Except as hereinafter provided, the aforementioned Confidential Information shall not be shown to, discussed with, or otherwise disclosed to any person other than to:

        (i) Attorneys of record, their associate attorneys and regular employees of such attorneys to whom it is necessary that such information be shown for purposes of this litigation;

        (ii) Employees of Defendant American Honda Motor Co., Inc.;

        (iii) Independent qualified persons or experts, other than those who are employed by competitor automobile manufacturers, wholesalers, or retailers of Defendant American Honda Motor Co., Inc., who are retained by an attorney of record in this litigation, solely for the purposes of discovery and, preparation for the trial of, and the trial of this litigation, and who, prior to receiving such Confidential Information;

            (a) Have been identified by seven (7) days written notice to counsel for Defendant so that Defendant may oppose such disclosure and move for further Protective Order, if appropriate; and

      (b)   Have been provided with a copy of this Order and have executed the document in the form of Exhibit (A) attached hereto, such signed document to be filed with the Clerk of this Court by the attorney retaining such person and a copy thereof to be provided to defense counsel;

      (iv)   Have been provided with a copy of this Order and have executed the document in the form of Exhibit (A) attached hereto, such signed document to be filed with the Clerk of this Court by the attorney retaining such person and a copy thereof to be provided to defense counsel;

      B.   Any copies of the Confidential Information under this Protective Order shall be maintained by counsel for the parties (as distinguished from the parties themselves) in the offices of counsel. No additional copies of such material shall be made by the receiving party, except that one copy may be provided to the parties' independent qualified persons or experts as specified above. Such independent qualified persons or experts shall not make any additional copies of the Confidential Information, and shall return any copy received by such qualified person or expert to counsel for Defendant within thirty (30) days of the conclusion of this litigation.

      C.   All Confidential Information produced and provided in the course of this litigation shall be used solely for the purpose of preparing for trial and the actual trial of this litigation and for no other purposes whatsoever, and shall not be disclosed to anyone except in accordance with the terms of this Order. Confidential Information shall not be disclosed or made available to persons other than the Court, the person specifically or generally specified in this Order, or the party who designated or produced the Confidential Information. Nothing herein shall prevent

1  disclosure beyond the terms of this Order upon consent of Defendant American Honda Motor Co., Inc.  Nothing shall prevent any counsel of record from utilizing the Confidential Information in the direct or cross-examination of any person who is alleged to be or has claimed to be the author or source of the Confidential Information, or who routinely utilizes or has access to such Confidential Information in the regular course of their employment related to Defendant American Honda Motor Co., Inc.

   D.   The Clerk of this Court is directed to maintain under seal all documents, including transcripts of deposition testimony, answers to interrogatories, responses to request for production or admissions, affidavits, exhibits, briefs, and memoranda filed in Court in this litigation which have designated, referenced, or attached in whole or in part, the Confidential Information referenced in this Protective Order.  In the event that a party wishes to use any Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in this Court during this litigation, the paper or papers containing such Confidential Information shall be designated "Contains Confidential Information Subject To Protective Order", and shall be maintained under seal by the Clerk of this Court in accordance with the other provisions of this Order.

   E.   If the Confidential Information defined by this Order is in any manner referenced or utilized in the course of a deposition, counsel for Defendant shall be given opportunity to indicate on the record of deposition or in writing within twenty-one (21) days after receipt of the transcript of such deposition, that the testimony contains Confidential Information and is subject to the provisions of this Order.  Each party shall attach a copy of such written statement or statements to the face of the transcript and each copy thereof in its possession, custody, or control.  Those portions of the transcript, and any copy of the Confidential Information utilized as an

exhibit thereto, shall thereafter be subject to all other provisions of this Protective Order, and shall not be produced to persons other than those authorized to receive the Confidential Information by the provisions of this Protective Order and under the circumstances specified in regard thereto.

Prior to any deposition or deposition questioning wherein either party intends on utilizing, in any manner, the Confidential Information defined herein, the court reporter taking such deposition shall be provided with a copy of this Order and shall execute a document in the form of Exhibit "A" attached hereto, such signed document to be filed with the Clerk of this Court, by the attorney retaining such reporter.

F.   Within thirty (30) days after the entry of a final judgment in this litigation, from which no appeal has been taken or can be taken, and/or within thirty (30) days of dismissal of this litigation due to settlement or otherwise, all Confidential Information produced by a party which is in the possession, custody or control of counsel for any other party, or such parties' qualified persons or experts, shall be returned to the producing party, and all exhibits, documents or deposition transcripts containing or referencing such Confidential Information, shall be sealed by the Court upon request of either party.

G.   The terms of this Protective Order shall be binding upon the parties after the conclusion of this litigation by dismissal, settlement, entry of final judgment or otherwise.  This Court shall retain jurisdiction to enforce the terms of the Protective Order and the parties subject to its terms expressly submit to the jurisdiction of this Court for purposes of ensuring the enforcement of the Protective Order's terms.

H.   If one having access to Confidential Information is asked by subpoena or otherwise to testify in any other action or proceeding concerning documents or information within the scope of this Protective

Order, he or she shall immediately provide written notice to counsel for Defendant American Honda Motor Co., Inc. Brian Takahashi, Esq., Bowman and Brooke LLP, 879 West 190th Street, Suite 700 Gardena, California 90248-4227, of such request. In the event that any such prospective or actual witness is actually called to testify, at deposition, hearing, trial or otherwise, in any other action or proceeding concerning the Confidential Information defined by this Protective Order, he or she shall assert the prohibition against disclosure established by this Order and shall produce a copy of this Protective Order and the "Agreement Concerning Confidential Information" executed with respect thereto.

I. No party or its counsel shall have the right to challenge Defendant American Honda Motor Co., Inc.'s designation of confidentiality after this case is concluded by dismissal, settlement, entry of final judgment or otherwise. Parties returning Confidential Information pursuant to this paragraph shall provide a certificate in a form satisfactory to American Honda Motor Co., Inc. certifying that the return requirements of this Order have been satisfied within thirty (30) days from the date of such return.

**IT IS HEREBY ORDERED.**

Dated: April 6, 2009

_____
MARC L. GOLDMAN
UNITED STATES MAGISTRATE
JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA SOUTHERN DIVISION

| | |
|---|---|
| MARALL PETROSIAN,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>AMERICAN HONDA MOTOR CO., INC. and HONDA MOTOR CO., LTD.,<br><br>　　　　　　　Defendants. | **CASE NO. SACV08-00664 CJC (MLGx)**<br><br>**Assigned:  Hon. Cormac J. Carney**<br>**Magistrate: Hon. Marc Goldman**<br><br>**Courtroom: 9B**<br><br>**EXHIBIT A: AGREEMENT CONCERNING CONFIDENTIAL INFORMATION**<br><br>**Action Filed:**　　June 13, 2008<br>**Trial Date:**　　　July 21, 2009<br>**Motion Cutoff:**　June 12, 2009<br>**Discovery Cutoff:**　April 10, 2009 |

　　　THE UNDERSIGNED hereby acknowledges that he/she has read the Protective Order entered in this litigation by the United States District Court for the Central District of California on _____, 2009, and that he/she understands the terms thereof, that he/she has been designated by _____ as a "Qualified Person" thereunder, and that he/she individually and on behalf of _____ agrees to be bound by the terms of said Protective Order.

　　　　　　　　　　　　　　Dated:_____

　　　　　　　　　　　　　　Printed Name:_____

## **CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on March \_\_\_, 2009, a true and correct copy of the foregoing [PROPOSED] PROTECTIVE ORDER was filed with the Clerk using the CM/ECF system, which will provide notice to the following counsel of record:

| | |
|---|---|
| Martin W. Anderson, Esq.<br>ANDERSON LAW FIRM<br>2070 North Tustin Avenue<br>Santa Ana, California 92705<br>Tel:   714/ 516-2700<br>Fax:  714/ 532-4700<br>Email: martin@andersonlaw.net | Attorney for Plaintiff |
| Lucy Kasparian, Esq.<br>CALIFORNIA LEMON LAW CENTER<br>136 North Glendale Avenue<br>Glendale, California 91206<br>Tel:   818/ 547-5777<br>Fax:  818/ 547-9777<br>Email: lkasparian@aol.com | Attorney for Plaintiff |

_____
Brian Takahashi